IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | § | |
| COMMISSION, | § | |
| Applicant, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-MC-21-P |
| | § | |
| DAPILINU DUNBAR, et al. | § | |
| Respondents. | § | |

## FINDING, CONCLUSION, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). Applicant, the Securities and Exchange Commission ("SEC"), has filed an Application for Order Compelling Compliance with Administrative Subpoenas ("Application"). The Application requests an order compelling Respondents Dapilinu Dunbar ("Dunbar") and Corrie Sampson ("Sampson") (together, "Respondents") to comply with administrative subpoenas issued by the SEC. These administrative subpoenas include the SEC's subpoena issued to Dunbar dated June 29, 2023 ("Dunbar Subpoena") and the SEC's subpoena issued to Sampson dated July 13, 2023 ("Sampson Subpoena") (together, the "Subpoenas"). Noting that Respondents wholly failed to respond to this motion within the designated twenty-one days, the Court considered the Application, SEC's memorandum of law in support of the Application, Declaration of Catherine Rowsey in support of the Application and the attached exhibits, and the applicable law. Having considered the aforementioned, the Court concludes that: (1) the Court has jurisdiction and authority to grant the relief requested in the Application pursuant to 15 U.S.C. § 78u(c) and other authorities cited in the SEC's pleadings; (2) venue is proper in this District; (3) the Court has personal jurisdiction over Respondents with respect to the relief requested in the Application; (4) the Subpoenas satisfy all requirements for enforcement of an

1

administrative subpoena by this Court, including the SEC's investigation is being conducted pursuant to legitimate purposes, the Subpoenas seek information that is relevant to the legitimate purposes of the SEC's investigation, the SEC does not have possession of the information sought through the Application and Respondents have not complied with the Subpoenas with respect to the items that the SEC seeks to compel in the Application, and the SEC issued the Subpoenas in accordance with applicable administrative procedures; and (5) Respondents have not established a sufficient basis to refuse enforcement of the Subpoenas as requested by the SEC.

Accordingly, the Court **RECOMMENDS** that the SEC's Application be **GRANTED** and the District Court **ORDER** that:

(1) Respondent Dunbar shall produce to the SEC, within 15 days of the date of this Order, all documents, communications, electronically stored information ("ESI"), and tangible items in Dunbar's possession, custody, or control that are responsive to Request Nos. 1, 2, 9, 10, and 11 in the Dunbar Subpoena. This includes, but is not limited to, the following items that are responsive to Request Nos. 1, 2, 9, 10, and 11 in the Dunbar Subpoena, and that Dunbar has not been produced to the SEC: (a) text messages between Dunbar and any employees, officers, principals, promoters, investors, or prospective investors of NovaTech, Ltd. ("NovaTech") (including Cynthia Petion); (b) communications regarding NovaTech in Dunbar's possession, custody, or control on Telegram, WhatsApp, and Signal; and (c) Dunbar's social-media posts regarding NovaTech on Telegram, WhatsApp, Signal, or any other social media platform.

(2) Respondent Dunbar shall produce to the SEC, within 15 days of the date of this Order, all documents, communications, ESI, and tangible items in Dunbar's

possession, custody, or control that are responsive to Request Nos. 12 through 15 in the Dunbar Subpoena.

(3) Respondent Sampson shall produce to the SEC, within 15 days of the date of this Order, all documents, communications, ESI, and tangible items in Sampson's possession, custody, or control that are responsive to Request Nos. 1 through 15 in the Sampson Subpoena.

(4) Respondent Sampson shall appear and provide testimony to the SEC at the SEC's Forth Worth Regional Office in accordance with the Sampson Subpoena within 25 days of the date of this Order.

(5) The Court preserves jurisdiction over this matter to ensure that Respondents comply with this Order, the subpoenas subject to this Order, and any other orders issued by this Court.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions

3

accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **January 19, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 5, 2024.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE