UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**U.S. SECURITIES AND EXCHANGE COMMISSION,**

 Plaintiff,

v.             **No. 4:23-mc-00021-P**

**DAPILINU DUNBAR, ET AL.,**

 Defendant.

### ORDER ACCEPTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On January 5, 2024, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 5. Although no party has objected to the FCR, the SEC filed a Notice Concerning the FCR of the United States Magistrate Judge (ECF No. 9). In the Notice, the SEC points out that the FCR incorrectly stated that the Respondents failed to respond to this application within the designated twenty-one days. But as of the date of the Magistrate Judge's FCR, the Respondent's twenty-one day period to respond to the application was not over. Accordingly, the District Judge has reviewed the FCR *de novo*, and **ADOPTS in part** the Magistrate Judge's findings, conclusions, and recommendation.

As of the date of this order, Respondents have failed to respond to the application within their respective 21-day deadlines.[1] The Magistrate Judge's FCR stated that:

> (1) the Court has jurisdiction and authority to grant the relief requested in the Application pursuant to 15 U.S.C. § 78u(c)

---

[1] At the latest, the SEC's process server served Respondent Dapilinu Dunbar on December 22, 2023, and served Respondent Corrie Sampson on January 12, 2024. Thus, Dunbar's 21-day deadline to respond was January 12, 2024, and Sampson's was February 2, 2024.

and other authorities cited in the SEC's pleadings; (2) venue is proper in this District; (3) the Court has personal jurisdiction over Respondents with respect to the relief requested in the Application; (4) the Subpoenas satisfy all requirements for enforcement of an administrative subpoena by this Court, including the SEC's investigation is being conducted pursuant to legitimate purposes, the Subpoenas seek information that is relevant to the legitimate purposes of the SEC's investigation, the SEC does not have possession of the information sought through the Application and Respondents have not complied with the Subpoenas with respect to the items that the SEC seeks to compel in the Application, and the SEC issued the Subpoenas in accordance with applicable administrative procedures; and (5) Respondents have not established a sufficient basis to refuse enforcement of the Subpoenas as requested by the SEC.

ECF No. 5 at 1–2. Upon review of the filings and applicable law, the Court concludes that these findings and conclusions are correct and they are **ADOPTED** as the findings and conclusions of this Court. Accordingly, the SEC's Application is **GRANTED**. The Court **ORDERS** that:

1. Respondent Dunbar shall produce to the SEC, within 15 days of the date of this Order, all documents, communications, electronically stored information ("ESI"), and tangible items in Dunbar's possession, custody, or control that are responsive to Request Nos. 1, 2, 9, 10, and 11 in the Dunbar Subpoena. This includes, but is not limited to, the following items that are responsive to Request Nos. 1, 2, 9, 10, and 11 in the Dunbar Subpoena, and that Dunbar has not produced to the SEC: (a) text messages between Dunbar and any employees, officers, principals, promoters, investors, or prospective investors of NovaTech, Ltd. ("Nova Tech") (including Cynthia Petion); (b) communications regarding NovaTech in Dunbar's possession, custody, or control on Telegram, WhatsApp, and Signal; and (c) Dunbar's social-media posts regarding Nova Tech on Telegram, WhatsApp, Signal, or any other social media platform.
2. Respondent Dunbar shall produce to the SEC, within 15 days of the date of this Order, all documents, communications, ESI, and tangible items in Dunbar's 2 possession, custody, or

    control that are responsive to Request Nos. 12 through 15 in the Dunbar Subpoena.

3. Respondent Sampson shall produce to the SEC, within 15 days of the date of this Order, all documents, communications, ESI, and tangible items in Sampson's possession, custody, or control that are responsive to Request Nos. 1 through 15 in the Sampson Subpoena.
4. Respondent Sampson shall appear and provide testimony to the SEC at the SEC's Forth Worth Regional Office in accordance with the Sampson Subpoena within 25 days of the date of this Order.
5. The Court preserves jurisdiction over this matter to ensure that Respondents comply with this Order, the subpoenas subject to this Order, and any other orders issued by this Court.

**SO ORDERED** on this **13th day of February 2024.**

*/s/ Mark T. Pittman*
_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE

3